**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANGEL ROSARIO RODALES-
REYES,

      Defendant-Appellant.

No. 07-1130
(D.Ct. No. CR-06-420-WYD)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit
Judges.

_____

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

      Appellant Angel Rosario Rodales-Reyes pled guilty to one count of

_____

      [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

unlawful reentry of a deported alien subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced Mr. Rodales-Reyes to thirty-five months imprisonment – six months below the low end of the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of forty-one to fifty-one months imprisonment. Although Mr. Rodales-Reyes appeals his conviction and sentence, his attorney has filed an *Anders* brief and a request for permission to withdraw as counsel, which we construe as a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On October 16, 2006, a one-count indictment issued charging Mr. Rodales-Reyes with unlawful reentry of a deported alien subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). Mr. Rodales-Reyes pled guilty as charged in exchange for the government's offer to file a motion in support of a three-level decrease for acceptance of responsibility and to recommend a sentence at the bottom of the applicable advisory Guidelines range.

After Mr. Rodales-Reyes pled guilty, a probation officer prepared a presentence report calculating his sentence under the applicable Guidelines. The

probation officer calculated the based offense level at 8 under U.S.S.G. § 2L1.2(a) and added a sixteen-level adjustment under U.S.S.G. § 2L1.2(b)(1)(A) because Mr. Rodales-Reyes had been deported subsequent to a conviction for a crime of violence – menacing with a deadly weapon, a felony offense.  In addition, based on Mr. Rodales-Reyes's acceptance of responsibility for the offense of conviction, the probation officer included a three-level reduction, for a total offense level of 21.  A total offense level of 21, together with a criminal history category of II, resulted in a Guidelines imprisonment range of forty-one to fifty-one months.

Prior to sentencing, Mr. Rodales-Reyes filed a pro se motion for a downward departure, which the probation officer considered as a request for a variance under 18 U.S.C. § 3553(a).  In his pro se pleading, Mr. Rodales-Reyes contended the sixteen-level enhancement over-represented his criminal history because his jury conviction for menacing with a deadly weapon stemmed from an act of self-defense, and while the jury rejected his version of the incident, the sentencing court felt inclined to impose a probationary sentence with no jail time. Mr. Rodales-Reyes also suggested a variance was appropriate, given:  1) he was not deported until four and one-half years after his conviction and three years after he successfully completed his probation; and 2) he only returned to the United States due to his familial obligations and responsibilities to the two

children he fathered in this country, who are United States citizens.  In response, the probation officer recommended against a variance, explaining Mr. Rodales-Reyes did not conduct himself as a law-abiding citizen because:  1) he received convictions for driving while ability impaired and discharging a firearm following his term of probation; and 2) his familial obligation, which motivated his return to the United States, would continue following a term of imprisonment and subsequent deportation.

At the sentencing hearing, Mr. Rodales-Reyes's counsel explained Mr. Rodales-Reyes did not have any corrections or changes to the presentence report or objections to the advisory Guidelines range, but reiterated the request for a variance under § 3553(a).  In support of the variance, counsel acknowledged the conviction for menacing with a weapon is a class 5 felony in Colorado, and a crime of violence, because it includes the elements of use, attempted use, or threatened use of physical force against the person of another.  However, he argued such an offense did not warrant a sixteen-level offense increase under U.S.S.G. § 2L1.2(b)(1)(A) and over-represented Mr. Rodales-Reyes's criminal history because the trial court sentenced Mr. Rodales-Reyes to probation and no jail time, and, on remand after appeal, the trial court again sentenced him only to probation, which Mr. Rodales-Reyes completed.  He further noted Mr. Rodales-Reyes did not harm anyone and his conviction was less serious than for other

-4-

convictions warranting the same sixteen-level increase, including drug trafficking, sexual assault on a child, assault, robbery, armed robbery, or murder. In addition, his counsel pointed out the subsequent convictions for driving while ability impaired and discharging a firearm occurred after completion of his term of probation and constituted misdemeanors. Counsel also renewed the familial motivation argument for the purpose of explaining Mr. Rodales-Reyes's illegal return to the country.

After considering Mr. Rodales-Reyes's arguments in favor of a variance, the government's objections thereto, and the defendant's statement, the district court noted it had considered the advisory Guidelines, together with the sentencing factors in 18 U.S.C. § 3553(a), which it then explicitly recited. In imposing the sentence, it granted Mr. Rodales-Reyes's request for a variance, stating it had merit, and imposed a below-Guidelines-range sentence of thirty-five months imprisonment.

After Mr. Rodales-Reyes filed a timely pro se notice of appeal, his appointed counsel, who also represented him before the trial court, filed an *Anders* appeal brief explaining that, after a conscientious examination of the record, the appeal is wholly frivolous and no challenge could be made as to the validity of the sentence because Mr. Rodales-Reyes received a sentence below the

advisory Guidelines range; counsel then requested permission to withdraw. *See Anders*, 386 U.S. at 744. Pursuant to *Anders,* this court gave Mr. Rodales-Reyes an opportunity to respond to his counsel's *Anders* brief. *See id.* Subsequently, this court granted Mr. Rodales-Reyes's pro se request for an extension of time for filing a response, which extended his filing time to August 29, 2007. In a one-paragraph letter received October 31, 2007, Mr. Rodales-Reyes again renewed his desire to file a response out of time, to which this court responded, instructing him to file a motion to file a response out of time, together with a response brief. However, to date, Mr. Rodales-Reyes has filed no such motion or response.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* We review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. Here, the district court considered Mr. Rodales-Reyes's request for a variance for a below-Guidelines sentence, together with the sentencing factors in § 3553(a) and the advisory Guidelines. The district court then sentenced him to thirty-five months imprisonment, which is six months below the advisory Guidelines range of forty-one to fifty-one months imprisonment. Because the district court considered the

applicable Guidelines and sentencing factors in sentencing Mr. Rodales-Reyes, we have no reason to conclude his sentence is unreasonable, especially in light of the fact that Mr. Rodales-Reyes has not offered any nonfrivolous reasons warranting a lower sentence.

## III.  Conclusion

For these reasons, no meritorious appellate issue exists.  Accordingly, we grant counsel's motion to withdraw and **DISMISS** Mr. Rodales-Reyes's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge